No. 7848.

HADLEY v. WRAY.

PROMISSORY NOTE.—Set-Off by Endorsee.—Evidence.—In a suit upon contract, where the defendant pleads, by way of set-off, that he is the owner and holder of certain promissory notes, executed by the plaintiff to certain persons, and endorsed by them in writing to the defendant before the commencement of the suit, proof of such endorsement is necessary to any recovery by defendant upon his set-off.

From the Hamilton Circuit Court.

D. Moss and R. R. Stephenson, for appellant.
T. J. Kane and T. P. Davis, for appellee.

HOWK, J.—The appellee sued the appellant in a complaint of two paragraphs, wherein he alleged, in substance, that the appellant was indebted to him in the sum of one hundred dollars for one horse sold and delivered by him to the appellant, with the express agreement that the appellant would pay the appellee the cash for said horse, to enable him to pay off and remove a certain chattel mortgage then held by another party on one wagon and two mules, belonging to appellee, which the appellant agreed to pay ; but, instead of paying the money as he agreed to do, the appellant falsely and fraudulently pretended to have purchased certain notes on appellee, which he offered to pay in lieu of the money which he had agreed to pay ; to appellee's damage, in the sum of $100. Wherefore the appellee demanded judgment for $125, and for other proper relief.

In the second paragraph of his complaint, the appellee said, that on the 23d day of October, 1878, he entered into a contract with appellant to sell him one horse at the price of $95 ; that, by the terms of said contract, appellant agreed to pay appellee said $95 to enable him to pay a certain mortgage, held by one Peter Scott, on one wagon and two mules belonging to appellee ; that, in pursuance of said agreement, appellee delivered to appellant said horse, and

appellant paid $20, promising to pay the balance of said purchase-money on the next morning; that, at the time set for such payment, appellee demanded the balance due him; that appellant refused to make such payment in money, but, in lieu thereof, he fraudulently procured two certain notes of appellee to Cassabaum & Probst, and tendered them to appellee instead of the money which he had agreed to pay, which said notes appellee refused to accept in payment, but tendered the money to appellant which he had paid appellee on said sale and demanded a rescission of said contract and the return of his said horse, which the appellant refused to do, to appellee's damage in the sum of one hundred dollars. Wherefore, etc.

The suit was commenced before a justice of the peace of Hamilton county, and, on a trial there had by a jury, a verdict was returned, and a judgment was thereon rendered, in favor of appellee and against the appellant, in the sum of seventy-five dollars and the costs of suit. On appeal to the court below, the cause was again tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of one hundred dollars; and over the appellant's motion for a new trial, and his exception saved, the court rendered judgment on the verdict.

In this court the appellant has assigned, as errors, the following decisions of the circuit court:

1. In overruling his motion for a new trial; and,

2. In overruling his motion to require the jury to find what amount, if any, was due him on his answer of set-off.

A number of causes for a new trial were assigned by the appellant, in his motion therefor, addressed to the circuit court. Without setting out these causes at length, we will consider and decide such questions as the appellant's learned counsel have presented and discussed, in their brief of this action. The first point made by counsel is, that the verdict of the jury was not sustained by sufficient evidence. In

other words, it is claimed by counsel, as we understand them, that the evidence in the record fully sustained the answer of set-off; and that, upon his set-off, the appellant was entitled to a verdict in his favor. This point is not well taken. In his answer of set-off, the appellant alleged, in substance, that on the 1st day of January, 1876, the appellee, by his two promissory notes of that date, promised to pay in each of said notes, to the order of Cassabaum & Probst, the sum of $31.82 one day after the date thereof; that, before the commencement of this suit, the said Cassabaum & Probst, by their written endorsement thereon, assigned and delivered said notes to the appellant; and that the said two notes were due and unpaid. The only evidence offered by the appellant, in support of his set-off, were two notes of the same date and amount as those described therein, purporting to have been executed by the appellee, and payable one day after date to the order of Cassabaum & Probst. The appellant did not prove, or offer to prove, that, before the commencement of this suit, the said Cassabaum & Probst had endorsed said notes to him, as alleged in his answer; nor did he produce and offer in evidence, on the trial, the written endorsement of said notes by said Cassabaum & Probst. It follows, therefore, that the evidence in the record did not sustain the appellant's answer of set-off. *Jackson Township* v. *Barnes*, 55 Ind. 136; *Keith* v. *Champer*, 69 Ind. 477; *Wallace* v. *Reed*, 70 Ind. 263; *Morgan* v. *The Smith American Organ Co.*, 73 Ind. 179. The appellant's evidence showed that the notes described in his set-off were payable to Cassabaum & Probst, and it wholly failed to show that they had parted with their title to or property in said notes, by endorsement or otherwise, and before the commencement of this suit or at any other time.

The appellee's evidence, however, fully sustained every material averment of his complaint, and the verdict of the jury was supported by sufficient evidence.

The appellant's counsel also insist that the circuit court "erred in not requiring the jury to find the amount, if anything, due the appellant on his set-off." As we have already said, the evidence in the record failed to show that anything was due the appellant on his set-off; and, as the jury did not allow him anything on account of his set-off, we must conclude that they took the same view of the evidence that we have taken, and therefore virtually found that it did not show anything to be due him on his set-off. Under this view of the evidence, it is very clear, we think, that the court did not err in its refusal to require the jury to find the amount, if anything, due the appellant on his set-off.

It is claimed by the appellant's counsel that the damages assessed were excessive, and this was assigned as a cause for a new trial in the motion therefor. This point is well taken. The evidence showed that the horse in controversy was fairly worth the sum of $100, and that, at the time he agreed to buy the horse, the appellant paid the appellee thereon the sum of $20, which money the latter retained and had never returned. It follows that the damages assessed by the jury were excessive, in the sum of $20.

If, therefore, the appellee will, within sixty days from this date, file with the clerk of this court his *remittitur* of $20 of the verdict and judgment, as of the date of the judgment below, the judgment will be affirmed; otherwise it will be reversed, and, in either event, at the appellee's costs in this court.