The Indianapolis, Decatur and Western Railway Co. v. Center Township.

Judgment reversed, with instructions to award a new trial.

Filed Oct. 15, 1891; petition for a rehearing overruled Dec. 15, 1891.

---

No. 15,009.

THE INDIANAPOLIS, DECATUR AND WESTERN RAILWAY COMPANY v. CENTER TOWNSHIP.

PLEADING.—*Former Adjudication Shown by Complaint.*—*Demurrer.*—Where a complaint shows that the matter in controversy has been once adjudicated between the plaintiff and defendant, a demurrer to it for want of facts should be sustained.

JUDGMENT.—*Effect of on Parties.*—*Reservation of Right to Litigate.*—*Agreement that all Defences May be Considered Under General Denial.*—A judgment is binding upon the parties as to all matters litigated; but if such judgment contains a special reservation as to a particular part of the subject-matter of the litigation, providing that it shall not operate and be binding upon the parties as to such part, it does not conclude the parties as to such part, even though it was agreed on the trial that all defences might be given under the general denial.

SAME.—*Res Judicata.*—*How Determined.*—In determining whether a matter has been adjudicated, the court will examine the pleadings and the judgment rendered thereon.

ACTION.—*Splitting Up.*—*Defendant Having Divided Fund Before Suit Brought.*—If the plaintiff sue for a part of a fund when the whole is due, and recover a judgment for such part, he can not afterwards sue for the remainder; but if the defendant has divided the fund, and placed a part of it in the hands of a third person, such third person can not object

The Indianapolis, Decatur and Western Railway Co. v. Center Township.

that he is not liable on the ground that the plaintiff has recovered a judgment against the original defendant for the amount retained by him.

STATUTE OF LIMITATIONS.—*How Pleaded.*—An answer averring that the *items* mentioned in the complaint accrued more than six years before the commencement of the suit is bad; the averment should be that the cause of action did not accrue within six years next before the commencement of the action.

SAME.—*Amended Complaint.*—An answer averring that the cause of action accrued more than six years next before the filing of the *amended* complaint is bad; the averment should be, " before the commencement of the action."

From the Marion Circuit Court.

*S. M. Shepard* and *C. Martindale*, for appellant.

*H. N. Spaan, A. C. Harris* and *L. Cox*, for appellee.

COFFEY, C. J.—The complaint in this case, by reason of the number of exhibits therein set forth, is of unusual length, but the controlling facts, as shown by its allegations, are substantially as follows :

In the year 1870, Center township, in Marion county, voted a donation of $65,000 to aid in the construction of the Indiana and Illinois Central railway. The tax was duly assessed, placed upon the tax duplicate of Marion county, collected and passed into the county treasury. The appellant, by reason of consolidations, re-organizations and assignments, has succeeded to all the rights of the Indiana and Illinois Central Railway Company in this fund. In the year 1880 Center township brought an action against the board of commissioners of Marion county to recover this fund, upon the assumption that it had been forfeited by the railway company, and recovered a judgment for the sum of $71,102.48. Of this sum the county paid to the township $17,112.50.

The railway company was not a party to that suit. By reason of complications growing out of agreements to compromise the disputes between the township and the county, and by reason of a claim made upon the county by the rail-

way company and certain of the tax-payers of the township for the fund then in dispute, the county refused to make further payments, whereupon the township instituted a suit in the Marion Superior Court to recover a new judgment and to estop the railway company and the tax-payers from making any further claim to the fund. In this action the railway company filed an answer and cross-complaint.

The cross-complaint was against both the county and township, and alleged substantially the facts averred in the second paragraph of the answer. The cross-complaint contains the following allegations, viz.: " That no part of said donation has ever been paid to the Indiana and Illinois Central Railway Company or to this defendant, but that the said donation is now in the said county treasury and under the control of said board of commissioners, and is due and unpaid to this defendant; that Center township, Marion county, Indiana, claims to have some interest in said fund adverse to this defendant, but that it has no interest in said fund whatever."

It contains a further allegation that the railway company had complied with all the conditions upon which the donation was made.

Issues were made upon these pleadings by filing a general denial. The cause was tried by the court under an agreement that all matters of defence or counter claim, whether legal or equitable, might be given in evidence under the issues as then formed. The court made a special finding of facts, in which it was found, among other things, that Marion county had paid to Center township the sum of $17,112.50 of this fund, and that the railway company had erected its principal machine shops in Center township, the latter being one of the conditions upon which the donation was made. Upon the facts found the superior court stated its conclusions of law in favor of Center township, and rendered judgment thereon; but, upon appeal to this court, the judgment was reversed, with directions to restate the conclusions of

law, and render judgment in favor of the railway company. Upon return of the cause to the Marion Superior Court, judgment was rendered against Center township for costs, and against Marion county for the sum of $85,000.

The judgment, on motion of the county, was so modified as to deduct therefrom the sum theretofore paid to the township, the decree so modifying the same containing the following stipulation and reservation, viz.: "Nothing in this order made, however, shall be in anywise construed as waiving, releasing or discharging any claim by either said Indianapolis, Decatur and Springfield Railway Company or said board of commissioners to recover of said Center township, Marion county, Indiana, any of the sums heretofore received by said Center township from said board of commissioners, but said rights, if any exist, are expressly reserved."

The township sought to have the special finding so modified as to strike therefrom so much as found that the railway company had located its principal machine shops in Center township, but its application for that purpose was denied.

The complaint in this case seeks to recover from Center township the amount of the donation paid over to it by Marion county.

To the complaint setting up the foregoing facts the township filed an answer consisting of six paragraphs.

The second paragraph avers that each of the *items* named in the complaint accrued more than six years before the commencement of this suit.

The third paragraph avers that the money for the recovery of which this suit is prosecuted was paid to the township more than six years before the filing of the *amended* complaint in the cause, and that it was paid with the knowledge of the appellant.

The fourth paragraph avers that the cause of action set up in the complaint in this cause was litigated and settled in the

action between the township, Marion county and the railway company, set up in the complaint in this cause.

The fifth paragraph avers that the appellant is not entitled to recover the fund mentioned in the complaint, because it did not comply with the conditions upon which the donation was made, in that it did not locate its principal machine shops in Center township.

The sixth paragraph is the same as the fifth, with the additional averment that the special finding in the case of the appellee against Marion county and the railway company, to the effect that the principal machine shops of the appellant were erected in Center township, was made through the mutual mistake of the parties and the court trying said cause.

To these several answers the court overruled a demurrer, and carried it back, and sustained it to the complaint to which they were addressed.

The first question confronting us relates to the sufficiency of the complaint in the cause. The only objection urged against the complaint is that it affirmatively appears therefrom that the cause of action therein set forth was litigated and put at rest in the case of Center township against Marion county and the railway company. That this action settled the questions that the railway company had complied with the conditions upon which the donation was made, that it was entitled to the fund, and that the township had no legal claim thereto, is too plain for controversy. These were the actual questions in dispute between the township and the railway company. The township, in its complaint, alleged that the railway company was asserting an unfounded claim to the fund, and sought to estop it, while the railway company alleged, in its cross-complaint, that the township was asserting an unfounded claim to the same fund, and sought such judgment as would estop it.

This controversy was determined in favor of the railway company. *Board, etc.,* v. *Center Tp.,* 105 Ind. 422 ; *Center Tp.* v. *Board, etc.,* 110 Ind. 579.

It can not be denied that the judgment in favor of the railway company against Marion county for the fund, and against the township, bringing the action, for costs, forever estops the township from claiming any interest in the donation voted to aid in the construction of the railroad.

There is no allegation in the cross-complaint of the railway company upon which to base a money judgment against the township. As we have seen, the only allegations against the township are that it asserts an unfounded claim to the fund, and that it has no interest therein whatever. Looking to the cross-complaint alone, it could not be ascertained that any part of the money donated had been paid over to the township. It is evident, therefore, that the right of the railway company to a money judgment could not have been litigated and settled on this cross-complaint.

It is contended, however, by the appellee that the fund which the railway company sought to recover was indivisible, and that if the company elected to take less than the whole it can not sue for the remainder ; and that, inasmuch as the parties agreed that all matters of defence and counterclaim might be given in evidence without further pleading, we must presume that all matters against the township were litigated and settled.

Were it not for the fact that the defendants to the cross-complaint had already divided the fund sought to be recovered, there would be much plausibility in the contention of the appellee that the fund was not divisible. 1 Herman Estoppel, 196 ; Smith v. Gorham, 119 Ind. 436 ; Jarboe v. Severin, 112 Ind. 572 ; Indiana, etc., R. W. Co. v. Koons, 105 Ind. 507 ; Kurtz v. Carr, 105 Ind. 574.

But the parties themselves had divided the fund. One portion was held by Marion county and another portion by Center township.

The title was in the railway company, but it could not recover that portion of the fund held by the county, in a suit against the township, and yet it will not be denied that it

had the right to follow the funds in the township treasury. *Thorp* v. *Burling*, 11 Johns. 285; *Brownell* v. *Manchester*, 1 Pick. 232; Story Bailments, sections 52–102; *Younger* v. *Mills*, 20 Wis. 615; *Ingersoll* v. *Emmerson*, 1 Ind. 76; *Coffin* v. *Anderson*, 4 Blackf. 395; *Schindler* v. *Westover*, 99 Ind. 395.

The fund having been separated, the railway company had a right to a separate action against each, and this separation being an act of the county and township, without the consent of the owner of the fund, we do not think the appellee should be heard to say that such fund was not susceptible of division.

The contention that we should presume the cause of action set up in the complaint in this cause was litigated and settled under the agreement between the parties meets with an insurmountable difficulty in the judgment itself.

Such presumption might, perhaps, have been indulged if the judgment were silent upon the subject. But the record must be looked to as a whole, and when we so look to it, we find that the cause of action now in suit was expressly reserved, and was not settled in that action. This exception and reservation is binding on the parties. *Ulrich* v. *Drischell*, 88 Ind. 354.

It is true that the township was not a party to the motion of Marion county to modify the judgment, but if it had been a party to such motion, with the fund now sought to be recovered in its possession, it did not stand in a situation to insist that the *county* should account for it to the railway company.

In our opinion the complaint in this case states a cause of action against Center township, and the court erred in sustaining a demurrer thereto.

The court erred also, in our opinion, in overruling the demurrer to the second, third, fourth, fifth and sixth paragraphs of the answer.

Assuming that the six-years statute of limitations applies

to the cause 'of action set forth in the complaint, each of the second and third paragraphs is defective. It is not averred in either that the cause of action did not accrue within six years next before the commencement of the action. The issue tendered as to when the *items* accrued is immaterial, the question being as to when the right to sue for the same became perfect. The items may have accrued at one time, and the right to sue for their recovery may have accrued at another. So the issue tendered in the third paragraph as to when the *amended* complaint was filed is immaterial, as the vital time is the commencement of the action.

What we have said in relation to the complaint disposes of the question arising on the demurrer to the fourth paragraph of answer.

It clearly appears by the record set out in the complaint that the appellee is estopped from pleading the matter set out in the fifth and sixth paragraphs of the answer.

It was alleged in the cross-complaint of the railway company that the conditions upon which the donation was made had been fully complied with. That was one of the issues to be tried on that cross-complaint, and the special finding shows that it was tried and determined. The question as to whether all the conditions upon which that donation was made have been complied with is forever foreclosed by the record made in that case. *Center Tp.* v. *Board, etc., supra.*

Judgment reversed, with directions to the Marion Circuit Court to overrule the demurrer to the complaint, and to sustain it to each of the second, third, fourth, fifth and sixth paragraphs of the answer.

ELLIOTT, J., took no part in the decision of this cause.

Filed Sept. 25, 1891; petition for a rehearing overruled Dec. 18, 1891.