Indianapolis, Decatur and Western R. W. Co. v. Center Township.

No. 16,848.

THE INDIANAPOLIS, DECATUR AND WESTERN RAILWAY
Co. v. CENTER TOWNSHIP.

PLEADING.—*Filing Amended Complaint Takes Original Complaint and Answer Out of Record.—Appellate Procedure.*—The original complaint and an answer filed thereto are taken out of the record by the subsequent filing of an amended and substituted complaint.

EVIDENCE.—*Purchase of Chose in Action.—Enforcement.—Necessary Proof.*—One who acquires title to a right of action against a township, by purchase on the foreclosure of a mortgage executed by a railroad company which owed such claim, is not, in enforcing such right, freed from the necessity of showing a valid judgment, order of sale, and deed, under sections 736-738, R. S. 1894, doing away with the necessity of such proof where any debt or thing in action legally or equitably assignable is "given up by defendant" and sold on execution, and the sheriff "assigns and delivers" the same to the purchaser.

SAME.—*Chose in Action.—Action on by Assignee.—Answer of Assignor.—Title.*—In an action against a township to recover on a right of action claimed to have been assigned to plaintiff, the answer of the alleged assignor, which is made a party defendant, admitting an assignment to plaintiff of all its right, title, and interest to such claim, is not admissible against the township to prove plaintiff's title.

SAME.—*Title.—Deed.—Railroad.*—A deed conveying the roadbed, track, and all other property of a specified railroad company, purporting to have been executed under a decree foreclosing a mortgage executed by such company, is insufficient evidence of the purchaser's title, where no judgment, decree, order of sale, execution, or return is given in evidence.

STATUTE OF LIMITATIONS.—*Six Years' Statute.—Fund for Aid of Railroad.—Conversion to Use of Defendant.*—A complaint giving a detailed account of a litigation concerning a fund for which suit is brought, received by defendant township, and the transfer of the same to plaintiff by sale under a mortgage foreclosure, and alleging that plaintiff demanded payment of the sum, and that defendant has wrongfully converted it to its own use, does not state a cause of action based on a judgment, but one for money received from a fund belonging to plaintiff and wrongfully converted to defendant's use, which is barred by the six years' statute of limitation.

From the Marion Circuit Court.

*S. M. Shepard* and *C. Martindale*, for appellant.

*Ayres & Jones*, for appellee.

MONKS, J.—Appellant's original complaint against appellee in this cause was filed June 6, 1888; afterwards an amended complaint was filed, which recites at length the pleadings, findings, and judgments in a former case wherein Center township first recovered a judgment against Marion county for $71,000.00, on account of a certain tax fund voted by the township and collected by the county, for the construction of the Indiana and Illinois Central Railway. Afterwards, by agreement between the township and the county, this judgment was set aside and an agreed judgment entered for $58,000.00 against the county and in favor of the township, and by agreement the following payments were made by the county to the township:

March 18, 1881, $13,373.55 of principal.

June 28, 1882, $2,089.85 of principal.

June 28, 1882, $2,910.15 of interest.

February 7, 1883, $2,910.15 of interest.

After the I. D. & S. R. W. Co., the successor of the original company by purchase and re-organization, had completed said line of railway it made a demand on the county for said donation money. The township was also claiming such donation, and certain tax-payers also made a demand in their own behalf for a *pro rata* return of amounts paid in by themselves as taxes. The township, finding it could not enforce a judgment it had against the county, brought a suit, making the board of commissioners of Marion county, Indiana, and the said I. D. & S. R. W. Co., defendants, and claiming the said fund, etc. The defendants all filed answers, and the I. D. & S. R. W. Co. also filed its cross-complaint, claiming the fund and making as defendants

thereto Center township, board of commissioners of Marion county and certain tax-payers, who severally filed answers in denial; and in addition an agreement was made in open court by all the parties that all defenses might be introduced under the then pleadings. The issues being thus formed, the cause was submitted to the court and upon request it made a special finding of facts, and thereafter entered conclusions of law thereon in favor of the township. The other parties excepted to the conclusions of law, and the cause was appealed to this court. The opinion and decision of this court upon such appeal in favor of the I. D. & S. R. W. Co. is reported in 105 Ind. 422. Afterwards the cause was again docketed in the superior court, and the township interposed a motion in arrest of judgment, which was overruled and judgment rendered by the superior court in favor of the I. D. & S. R. W. Co., for $85,000.00, against the county, in accordance with the mandate of this court. Thereafter the county filed its motion to modify such judgment by reducing the amount to the extent of moneys theretofore received from the county by the township out of the fund by agreement between them. The township also filed a motion to be relieved from the said judgment. A change of venue by agreement was granted to the Tippecanoe Circuit Court, where the motion of the township was overruled and the motion of the county sustained, and judgment reduced by deducting $17,112.50, and the order and judgment as reduced contained the following provision, viz : "Nothing in this order made, however, shall be in any wise construed as waiving, releasing, or discharging any claim by either said Indianapolis, Decatur &.Springfield Railway Company or said board of commissioners to recover from said Center township, Marion county,

Indiana, any of the sums heretofore received by said Center township from said board of commissioners, but said rights, if any exist, are expressly reserved."

Center township made a motion to vacate judgment on ground of mutual mistake, whereby special findings were made to show that shops were constructed in Center township, whereas, in fact, they were constructed in Wayne township, which was overruled and judgment affirmed in the supreme court. *Center Township* v. *Board, etc.,* 110 Ind. 579.

The amended complaint then alleges that on the 23d day of April, 1876, said Indianapolis, Decatur & Springfield Railway Company executed to George Walker and Richard L. Ashurst, as trustees, for certain bondholders, a mortgage whereby said Indianapolis, Decatur & Springfield Railway Company granted, bargained, sold, and transferred all of its property, real and personal, of every kind and description, together with all its rights, title, interest and claims and items of every kind whatsoever, as well in law as in equity; that said Indianapolis, Decatur & Springfield Railway Company having defaulted in payment of its interest, John D. Probst, the holder of certain of said bonds, instituted suit in the United States courts of Indiana and Illinois against said Walker, Ashurst and others, to foreclose said mortgage; and that on February 1, 1887, in said courts, a decree was entered foreclosing said mortgage, and ordering the sale of all said property, rights, etc., and that said property was duly sold and purchased by John D. Probst, Henry B. Hammond, Simon Stern and Thomas B. Atkins, a purchasing committee appointed by the bondholders to buy in said railroad and organize a new company; and that said committee caused certain railroads to be organized for the purpose of operating said line of railway, viz.: "The Indianapolis, Quincy &

Missouri River Railway Company for the purpose of operating that part of the line situate in Illinois, and The Indianapolis & Wabash Railway Company for the purpose of operating that part of the line situate in Indiana, which companies were afterward consolidated under one name, constituting the appellant company ; that thereupon said purchasers executed such conveyances as vested in the appellant company the property, choses in action, etc., that had previously belonged to The Indianapolis, Decatur & Springfield Railway Company, and alleging that Center township had received a portion of said tax fund, and that plaintiff had demanded payment of said fund, which the defendant, appellee, refused, and had wrongfully converted to its own use and demanded judgment.

To this complaint the defendant first filed an answer of *res adjudicata* and two paragraphs of answer of the six-year statute of limitation, and other paragraphs to the effect that plaintiff was not entitled to the fund because it failed to comply with conditions of donation, etc. Demurrers were filed to the paragraphs of answer, which were overruled, and carried back by the court and sustained to the complaint.

The cause was then appealed to this court and reversed ; this court holding that there were two causes of action created by the division of the fund between the county and the township, and that the company had a separate cause of action against each, and that the cause of action against the township alleged in the complaint was expressly reserved and not settled in the former action against the county, and that the paragraphs of answer setting up the statute of limitations were defective in form. *Indianapolis, etc., R. W. Co.* v. *Center Township,* 130 Ind. 89.

When the cause was returned to the court below, the

township filed four paragraphs of amended answer, the first being a general denial, and the three others setting up the six-years' statute of limitation.  To each of the special answers the appellant demurred, which demurrers were overruled and exceptions reserved.  Thereupon issues were joined, and the cause was tried by the court. By request of the parties, the court made a special finding of the facts and stated its conclusion of law thereon, which were in favor of the township.  The appellant excepted to the conclusions of law, and, over a motion for a new trial, judgment was rendered in favor of the township.  The causes urged for a reversal are :

First.  That the court erred in overruling the demurrer to each paragraph of answer.

Second.  That the court erred in each of the conclusions of law stated.

Third.  That the court erred in overruling the motion for a new trial.

The motion for a new trial assigned as reasons therefor that the finding was not sustained by sufficient evidence, that it was contrary to the evidence, and was contrary to law.

The theory of the complaint is that the cause of action sued upon was included by the I. D. & S. R. W. Co. in the mortgage by which it mortgaged its line of railway and other property, real and personal, to the trustees named ; that a decree of foreclosure of the mortgage was entered in the United States Circuit Courts of Indiana and Illinois, in a suit in which John D. Probst was plaintiff, and the I. D. & S. R. W. Co. and the trustees were defendants, and that the cause of action in suit was transferred by the sale and conveyance of the railroad and its property, made pursuant to said decree of foreclosure, to Probst and others, a purchasing committee ; that for the purpose of operating the rail-

road, the committee organized the Indianapolis & Wabash Railway in Indiana, and the Indianapolis, Quincy & Missouri River Railway in Illinois; that these roads were consolidated, forming the appellant company, and that thereupon the purchasing committee and said two railway companies executed conveyances, vesting the appellant company with all the property purchased at said judicial sale; and that thereby the cause of action sued upon was transferred to the appellant.

There is no finding that appellant was the owner of the cause of action sued upon, or that the same had by mortgage, foreclosure, sale and deed, been transferred to the appellant, as alleged in the complaint.

The appellant's counsel earnestly insist that the court should have made a finding upon the evidence "that the right to the asset in controversy had, by mortgage, foreclosure, sale and deed thereunder, been transferred to appellant, as alleged in the complaint."

To prove title by sale on execution, or order of sale, the purchaser must show a valid judgment, an execution or order of sale, and deed. *Armstrong* v. *Jackson*, 1 Blackf. 209; *Carpenter* v. *Doe*, 2 Ind. 464; *La Plante* v. *Lee*, 83 Ind. 155; *Woolen* v. *Rockafeller, Exr.*, 81 Ind. 208, and authorities cited. This rule applies to personal, as well as real property. *Yates* v. *St. John*, 12 Wend. 74; *Earl* v. *Camp*, 16 Wend. 561; 2 Phillips Ev., top page 305. Appellant contends that this rule has been changed as to claims like the one sued upon, by sections 724, 725 and 726, R. S. 1881; sections 736, 737 and 738, R. S. 1894.

Section 724 (736): "Any debt or thing in action, legally or equitably assignable, may be levied upon, when given up by the defendant, and sold on execution, in the same manner as other personal property."

Section 725 (737): "The sheriff making the sale of any such debt or thing in action shall assign and deliver the same to the purchaser, and the *assignment shall have the same effect as if made by the execution-defendant* at the time of making the levy thereon, *and shall be treated as so made.*"

Section 726 (738): "In any action in which such assignment is declared upon or stated, *it shall not be necessary to plead or prove any judgment or execution by virtue of which the sale was made,* nor to prove the execution of the assignment, *unless the same be denied under oath.*"

These sections clearly recognize the rules concerning the proof required, as stated in this opinion, and expressly modify the same as to the kind of property described in the first section, when the same is levied upon and sold under the provisions thereof. These sections are not, however, applicable to the facts of this case, as alleged in the complaint. No debt or thing in action was given up by the I. D. & S. R. W. Co. to be levied upon and sold on execution, neither did the sheriff, or any other officer, assign and deliver the same to the purchaser. The complaint does not allege, nor does the evidence show, a sale coming within the letter or spirit of said sections. *Bay* v. *Saulspaugh,* 74 Ind. 397; *Steele* v. *McCarty,* 130 Ind. 547. It is also well settled, that when a suit is brought upon a chose in action of any kind, or with regard to personal property of any kind, the specific title alleged must be proven as laid, the same as if the action was brought for real estate. *Smelser* v. *Wayne, etc., Turnp. Co.,* 82 Ind. 417; *Reynolds* v. *Copeland,* 71 Ind. 422; *Wallace* v. *Reed,* 70 Ind. 263; *Morgan* v. *Smith, etc., Co.,* 73 Ind. 179; *Hadley* v. *Wray,* 76 Ind. 476; *Ragsdale* v. *Mitchell,* 97 Ind. 458.

The I. D. & S. R. W. Co. was made a defendant to

this action in the original complaint, and on December 6, 1888, filed an answer, admitting the facts alleged in the amended complaint to be true, and that before the bringing of this action it had, as set forth in the amended complaint, assigned, transferred and set over to the appellant all its right, title and interest in the debt or demand sued upon. The amended and substituted complaint, upon which this case was tried, was filed February 15, 1889, in which the I. D. & S. R. W. Co. was not mentioned as a party. The original complaint and the answer filed by the I. D. & S. R. W. Co. were taken out of the record by the filing of the amended and substituted complaint. They were not the pleadings upon which the cause was tried, are not in the record, and cannot be considered as pleadings in the case. *Britz* v. *Johnson*, 65 Ind. 561; Elliott App. Proced., section 595, and authorities cited; *Berghoff* v. *McDonald*, 87 Ind. 549; *Conley* v. *Dibber*, 91 Ind. 413; *Miles* v. *Buchanan*, 36 Ind. 490; *McEwen* v. *Hussey*, 23 Ind. 395.

Appellant urges that, as this answer of the I. D. & S. R. W. Co. was read in evidence, it, with the other evidence in the cause, established the transfer of the right of action, as alleged in the complaint. The answer of the I. D. & S. R. W. Co., although given in evidence, was not evidence against the appellee for any purpose. *Boots* v. *Canine*, 94 Ind. 408; 1 Rice Ev., section 226; 2 Wharton Ev., sections 1116, 1119 and 1199; *Reese* v. *Reese*, 41 Md. 554; *Thomasson* v. *Tucker, Admr.*, 2 Blackf. 172. Appellee was not bound by any admission made by the I. D. & S. R. W. Co., nor could any such admission made by it be used to prove any fact against appellee. The title alleged cannot be shown by such evidence. Under the issues in this cause the burden was upon the appellant to prove

its title to the cause of action sued upon as alleged. To prove title, a deed for the roadbed, track, and all the other property, real and personal, of the I. D. & S. R. W. Co., purporting to have been executed under a decree of the United States Circuit Courts of Indiana and Illinois, foreclosing a mortgage executed by the I. D. & S. R. W. Co., was read in evidence, on behalf of the appellant. No judgment, decree, order of sale, execution, or return thereon was given in evidence. The recitals of judgment, order of sale and execution in the deed were not evidence of such facts, against appellee, a stranger to the transaction. *La Plante* v. *Lee, supra*; *Milburn* v. *Phillips*, 136 Ind. 680, on page 695; *Hill* v. *Draper*, 10 Barb. 454; *Lloyd* v. *Lynch*, 28 Pa. St. 419, 70 Am. Dec. 137, and note p. 141; *Bolton* v. *Johns*, 5 Pa. St. 145, 47 Am. Dec. 404, and note p. 408; *Morse* v. *Bellows*, 7 N. H. 549, 28 Am. Dec. on p. 372 ; 1 Wharton Ev., sections 1041.

Under the well settled principles heretofore stated, there was no evidence from which the court could have found that appellant was the owner of, and had the right to recover upon, the cause of action.

The motion for a new trial was properly overruled.

Appellant contends that the demurrer to the second, third, and fourth paragraphs of answer should have been sustained, for the reason that the cause of action stated in the complaint is based on a judgment and is not an action for money had and received.

We are of the opinion that this is not an action on a judgment, but is an action for money alleged to have been received by appellee from a fund belonging to appellant and wrongfully converted to its own use. It is true that the complaint contains copies of all the papers and entries in the action instituted by *Center Township* v. *Board, etc., supra*, in

regard to this fund mentioned in the complaint, but it is not alleged that any judgment was ever recovered against appellee for the money received from the county or any part of it, or that there was any order made for the appellee to pay the same. This court, on the former appeal, did not determine that the complaint was based on a judgment. It was held on the former appeal, that the right of action in this case was not settled in the action of the township against the county and the railway, but was expressly reserved by order of the Tippecanoe Circuit Court. The reservation was not of a right of action on a judgment, but of a right of action, if any exists, for any sums of money received by Center township from Marion county. The complaint proceeds upon this theory. After giving a detailed account of the litigation concerning the fund, and the transfer of the same to appellant by mortgage, foreclosure, sale and deed, it proceeds as follows: "And plaintiff says that said Center township, Marion county, Indiana, has received as beforesaid from said board of commissioners, out of said fund so levied and collected for the benefit of said Indiana & Illinois Central Railway Company, and its successors, the Indianapolis, Decatur & Springfield Railway Company and the plaintiff the sum of $17,112.50, and on the 6th day of May, 1888, plaintiff demanded payment of said sum and accrued interest to date, and the defendant has failed and refused to pay plaintiff, which said sum it has wrongfully converted to its own use, to the damage of this plaintiff to the sum of thirty thousand dollars, wherefore plaintiff demands judgment, etc."

The cause of action set forth in the complaint, therefore, is governed by the six years statute of limitations. This is not a continuation of the action by cross-com-

plaint of the I. D. & S. R. W. Co., in the case of *Cen-ter Townp.* v. *Marion County and the Railway Co.,* within the meaning of section 299, R. S. 1881, section 300, R. S. 1894.    The I. D. & S. R. W. Co. did not, by its cross-complaint in that case, seek to recover a judgment for any part of the fund in controversy from the appellee; there was nothing in the cross-complaint showing that any part of the donation had ever been paid over to the appellee.    The I. D. & S. R. W. Co. did not fail in its action against the appellee in that case, but obtained a judgment estopping appellee from claiming any interest in the donation voted in aid of the construction of the railroad, which was all it demanded against appellee.  *Indianapolis, etc., R. W. Co.* v. *Center Township,* 130 Ind. 89 (94).    The two causes of action are not the same and are not between the same parties.    *Hawthorn* v. *State, ex rel.,* 57 Ind. 286; *Sidener* v. *Galbraith,* 63 Ind. 89.

Even if error was committed by the court in overruling the demurrer to the second, third and fourth paragraphs of answer, it was harmless for the reason that it is clearly shown by the record that the final judgment is correct upon the facts found, and that the same is not predicated on any finding in regard to the statute of limitations.    *McCrory* v. *Little,* 136 Ind. 86; *Walling* v. *Burgess,* 122 Ind. 299 (7 L. R. A. 481, 484); *Nixon* v. *Campbell,* 106 Ind. 47; *Miller* v. *Hardy,* 131 Ind. 13; *McComas* v. *Haas,* 93 Ind. 276; *State, ex rel.,* v. *Vogel,* 117 Ind. 188 (192); *Sohn* v. *Cambern,* 106 Ind. 302; Elliott App. Proced., sections 590, 637 and 638, and authorities cited.

What has been said concerning the motion for a new trial and the demurrer to the answer of the statute of limitation, disposes of the exceptions to the conclusions

of law.    There is no available error in the record. Judgment affirmed.

HACKNEY, J., took no part in this decision.

Filed April 2, 1895; petition for rehearing overruled December 13, 1895.