ANGOLA STATE BANK ET AL. *v.* STATE EX REL. SANDERS.

[No. 27,846.    Filed January 24, 1944.    Rehearing denied
February 10, 1944.]

*Wood & Wood,* of Angola, for appellants.

*Hugh G. Sanders* and *Edgar W. Atkinson,* both of Auburn, for appellee.

O'MALLEY, J.—This is an action by appellee, relatrix, against appellant, Angola State Bank, to require the bank to recognize her as the owner of five shares of the capital stock of said bank. The appellant, R. Waldo Sheffer, intervened and claimed ownership of the same stock.

The "special finding of facts" discloses that appellee purchased the five shares of stock in 1927 and received certificate number 33. That in 1929 the husband and son of the appellee borrowed Four Hundred Dollars ($400.00) from the First National Bank of Angola and gave an unsecured note. Later the president of the bank asked for some security for this loan, and appellee

signed her name to the form assignment on certificate number 33 and delivered it to her husband who in turn delivered it to the bank, as collateral for this note and for no other purpose. This note was paid in 1930 but the stock was not returned. Later some other loans were made to the husband and son of appellee, but the books of the bank did not show any unpaid loans for which the bank held the stock as collateral. That appellant, R. Waldo Sheffer, was assistant cashier of the First National Bank at the time of the loan and knew the terms under which the stock was placed with the bank. The First National Bank merged with the Steuben County State Bank and under the direction of the State Banking Department the assets of the Steuben County State Bank were separated into two classes, and the certificate number 33 was placed in the undesirable class and turned over to three trustees along with other assets for liquidation for the benefit of the stockholders of the Steuben County State Bank. In the meantime, appellant Sheffer had become cashier of appellant, Angola State Bank, and traded stock of the Steuben County State Bank for the five shares of stock of the Angola State Bank represented by certificate number 33, and thereupon the trustees delivered this certificate to appellant Sheffer. Sheffer then filled in the blanks on the assignment above the name of appellee and turned the certificate over to the appellant bank and received a new certificate for five shares of stock of the Angola State Bank. In 1937, about a year and a half after Sheffer received the stock, the appellant bank started to pay dividends and appellee having heard of the dividends requested information as to why she received none and was informed that she owned no stock, and that the stock then belonged to Sheffer. She then demanded her certificate and upon refusal, she

filed an action first against Sheffer and later against the bank, in each of which she claimed ownership of the stock and asked its return. The suit against Sheffer is still pending, but appellee was successful in her suit against the bank and recovered damages in the sum of Forty-five Dollars ($45.00) and judgment that the bank either return the stock or pay its value in the sum of Seven Hundred Fifty Dollars ($750.00). When Sheffer was sued, he went to the three trustees of the Steuben County State Bank and told them of the situation, and they agreed to defend actions against him and the Angola State Bank, to employ and pay for attorneys, costs, and damages, and in addition they turned over another certificate for five shares of stock of the Angola State Bank to the appellant bank. Neither Sheffer nor the Angola State Bank employed attorneys, but this was done by the trustees, who really conducted each case through the attorneys selected and paid by them.

The appellant bank claimed that there was a defect of parties and that the officers of the bank and R. Waldo Sheffer were necessary parties. The rule seems to be that where, as in this case, the defendant is a corporation capable of being sued, it is sufficient to proceed against it in its corporate capacity, without joining the officers or agents who must carry out the command to the corporation. *Board of County Commissioners of the County of Leavenworth* v. *Ralph Sellew* (1879), 99 U. S. 624, 25 L. Ed. 333; *Wren* v. *The City of Indianapolis* (1884), 96 Ind. 206, § 3-2202, Burns' 1933, § 1091, Baldwin's 1934.

The complaint is also challenged for failing to allege a demand, but an examination of the complaint shows

that it does allege facts from which it can be inferred that a demand would have been a useless thing, and from which a refusal could be inferred. That is sufficient, and the court did not err in overruling the demurrer for insufficiency of facts. *Lake Erie and Western Railroad Co.* v. *The State, ex rel. Mushlitz* (1894), 139 Ind. 158, 38 N. E. 596; *Finerty, Auditor* v. *State ex rel. Greenwald* (1939), 215 Ind. 346, 19 N. E. (2d) 846.

While questions are raised relative to the overruling of demurrers to answers to cross-complaints, we feel that no harm could have been caused the appellants by these rulings because the cross-complaints were not in effect what the name would imply. The apellants merely alleged the same facts in those so-called cross-complaints as were averred in their answers and all evidence admissible under the cross-complaints or under the answers to cross-complaints was admissible under the complaint 'and answers. This was true in all except one answer to the cross-complaint of appellant Sheffer. This answer pleaded a pending cause as a bar to the cross-complaint. However, no evidence of the pending cause was admitted and no harm was done, therefore the ruling did not constitute reversible error. *Washington Hotel Realty Co.* v. *Bedford Stone, etc., Co.* (1924), 195 Ind. 128, 143 N. E. 156.

The findings disclose that in a prior action the appellee as plaintiff recovered judgment in replevin against the appellant, Angola State Bank. In that action appellee recovered damages in the sum of Forty-five Dollars ($45.00) and was awarded the return of the stock. To avoid paying the value of the stock as fixed in that suit the Angola State Bank turned over the certificate

of stock to the appellee and paid the damages and costs.

The appellants here claim that the only thing tried in the court below was the "right to possession" of the certificate and that the certificate is not stock, and that the appellee did not recover any stock or have her rights as a stockholder determined in that action. Ordinarily, replevin determines only the right of possession, but it may also determine ownership. *Smith et al.* v. *Mosby et al.* (1884), 98 Ind. 445.

The above case was decided on the authority of *Landers et al.* v. *George et al.* (1874), 49 Ind. 309, 321, where this court said:

> "Here, as we have already said, the record must be regarded as showing a determination of the ownership and right to the possession of the property, and to allow an averment and proof to the contrary would be to allow the record to be impeached and contradicted, and that too in a proceeding in which the record is used merely to establish a fact found, and where it is attacked collaterally."

Where, as in the instant case, there is the demand for possession based on an allegation of ownership and the trial is on the issues generally, the matter adjudicates not only the right of possession but the value and all other matters in issue. *Landers et al.* v. *George et al., supra.*

The matters in issue in a former trial must be ascertained by an examination of the pleadings and judgment. *Williams* v. *Harrison* (1920), 72 Ind. App. 245, 123 N. E. 245;. *The Indianapolis, Decatur and Western Railway Co.* v. *Center Township* (1891), 130 Ind. 89, 28 N. E. 439.

In *Burrell* v. *Jean* (1925), 196 Ind. 187, 202, 146 N. E. 754, 759, the court said:

> "A judgment, if rendered on the merits in a court of competent jurisdiction, will constitute a bar to a subsequent action between the same parties in interest, if it affirmatively appears that the present matters in issue were in the former case put in issue and tried, or might, within the issues framed, have been completely adjudicated."

The pleadings in the former case as shown by the finding in this case disclose that the Angola State Bank pleaded every issue in the replevin suit that it pleaded in the instant case, save and except the one requesting that appellant Sheffer be made a party.

In the former case the ownership, the right to possession, the right of the bank to cancel and the value of the certificate of stock were each and all in issue and adjudicated in favor of appellee. In so far as the Angola State Bank is concerned, it does not have the right to again litigate those matters. *Johnson* v. *Knudson-Mercer Co.* (1906), 167 Ind. 429, 79 N. E. 367.

The appellant Sheffer is in a position somewhat different from that of appellant, Angola State Bank, because the evidence of the former trial was, by the court, limited to the appellant, Angola State Bank. However, the appellant Sheffer bases his whole contention on the claim of being a *bona fide* purchaser for value, and that if one of two innocent persons is to suffer, it will be the one who by his actions made the loss possible.

This claim cannot avail the appellant Sheffer, because the evidence, uncontradicted, and the finding is to the effect that the trustees of the Steuben County State Bank agreed to save both of the appellants harmless as a result of this litigation. Further-

more, they have deposited with appellant bank, an additional or new certificate calling for five shares of stock in the appellant bank and have employed the attorneys and are paying the expenses of the litigation. Under these circumstances we are not confronted with a situation where one of two innocent persons must suffer loss. The loss in this case is being borne by the trustees of the Steuben County State Bank, the very people who sold the stock to the appellant Sheffer, and who had no right or title to the stock in question and were not innocent purchasers for value. Under these circumstances, the appellant Sheffer does not come within the limits of the rule.

Appellants also complain of the action of the court in permitting the husband of appellee to testify that the stock certificate in controversy was not pledged for any other notes or debts save and except the ones enumerated. This was negative evidence and the court did not err in its admission. The appellant also says the court erred in refusing to permit conversations had in the absence of appellee, but no authority is cited for this theory.

The evidence is sufficient to support each finding and while many evidentiary facts are detailed, it is sufficient to support the conclusions of law. Each necessary ultimate fact was either found and stated or the primary facts were such as to lead to but one conclusion from which the court necessarily inferred the existence of the ultimate fact. *Young et al.* v. *Berger* (1892), 132 Ind. 530, 32 N. E. 318.

Finding no reversible error the judgment is affirmed.

NOTE.—Reported in 52 N. E. (2d) 620.