[No. 31455. *En Banc.* March 22, 1951.]

Eva Richardson, *Respondent*, v. Seattle-First National Bank, *Defendant*, R. H. Olsen *et al., Appellants.*[1]

*Lynwood Fix,* for appellants.

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *Altha P. Curry,* for respondent.

Mallery, J.—The plaintiff, Eva Richardson, was the owner of a Chevrolet car. Her certificate of title, as regis-

[1] Reported in 229 P. (2d) 341.

tered and legal owner, was issued by the director of licenses of the state of Washington on October 1, 1948. She advertised the car for sale. A man contacted her by telephone and gave his name as Thornton and represented himself to be an agent of the Central Oldsmobile Company of Seattle. He made inquiries about the car and agreed to pay $2,345 for it. An appointment was made and the plaintiff met the man on the afternoon of October 20, 1948. She endorsed, in blank, her certificate of title, as registered owner, and gave it to him. He handed her a check in the amount agreed upon, which had the name of Central Oldsmobile Company upon it.

Plaintiff deposited the check for collection with her bank and learned on October 25, 1948, that the check was a forgery, and the man was an imposter. In the meantime, the man offered the Chevrolet automobile for sale to Eckern's Automotive, Inc., an automobile dealer in Bellevue, Washington, giving the name of George Carroll. Mr. Eckern, president of the company noticed that there was no signature on the line for the legal owner and told the man he would not accept the instrument without such a signature, whereupon, the man took the certificate of title away, forged Miss Richardson's name as legal owner, and returned with it.

Thereupon, Eckern paid the man, took the car and the certificate of title, signed by Miss Richardson as registered owner and with her signature as legal owner forged thereon. Thereafter, Eckern's Automotive, Inc., sold the car to the defendants Olsen, and purported to convey title thereto by filling in Olsen's name on the vendee line in Miss Richardson's certificate of title.

Plaintiff brought this action to replevin the car, and from a judgment in her favor the defendants appeal.

Eckern's Automotive, Inc., is not made a party to this action. However, since one of the issues made by the parties, in this case, was as to their comparative innocence, the appellants will be treated as being in the shoes of Eckern's Automotive, Inc., which guaranteed appellants' title to the

car. See *Angola State Bank v. State ex rel. Sanders*, 222 Ind. 244, 52 N. E. (2d) 620.

At common law, except in the market overt, a thief could convey no title to his vendee, but the title of an innocent vendee of goods previously obtained by fraud was indefeasible. Concerning the latter situation this court in *Hutson v. Walker*, 37 Wn. (2d) 12, 221 P. (2d) 506, quoted with approval from *Linn v. Reid*, 114 Wash. 609, 196 Pac. 13, as follows:

" 'It is but the enforcement of the old and familiar rule that, of two innocent persons one of whom must suffer by the fraud of a third person, he who has put it in the power of such third person to commit the fraud must be the sufferrer. The basis of protection to the *bona fide* purchaser, in cases such as the present one, is the voluntary act of the original vendor in parting with both the title to and possession of the property. Unless this difference in the manner in which property is acquired from its lawful owner is kept in mind—that is, whether by trespass, or by the voluntary act of the lawful owner—a misunderstanding of the well-reasoned cases may follow.' "

This state of the common law was modified by legislative enactment by the passage of Rem. Rev. Stat., § 2129 [P.P.C. § 112-97], which provided, in part:

"All property obtained by larceny, robbery, or burglary, shall be restored to the owner; and no sale, whether in good faith on the part of the purchaser or not, shall divest the owner of his rights to such property; . . ."

In *Frye & Co. v. Boltman*, 182 Wash. 447, 47 P. (2d) 839, we held that the above statute encompassed all the forms of larceny then extant, and, specifically, that form of larceny committed in obtaining property by false impersonation. The statute, then, had the effect of increasing the field in which an innocent vendee's title was defeasible. There is, of course, no question but that the common law must give way within the scope of the statute.

In other words, the doctrine of comparative innocence of the parties can only be invoked where the owner parted with his title under circumstances which would not

constitute larceny, as it was defined at the time of the enactment of Rem. Rev. Stat., § 2129.

■ It follows that, even when the vendee is an innocent party, if the goods were obtained from the true owner by false impersonation, as in the instant case, the statute is applicable and must prevail.

The parties hereto have given considerable attention to the question of estoppel and, particularly, as to circumstances under which it must be pleaded. We find it unnecessary to discuss this question, because, in the light of what we have said concerning the *innocence of a vendee,* estoppel was not available whether pleaded or not. Upon this point the case of *Hutson v. Walker, supra,* is overruled to the extent that it is in conflict herewith.

The judgment is affirmed.

SCHWELLENBACH, C. J., BEALS, ROBINSON, HILL, GRADY, HAMLEY, and FINLEY, JJ., concur.

DONWORTH, J. (concurring)—A majority of the court are of the opinion that the provisions of Rem. Rev. Stat., § 2129, preclude the operation of the principle of equitable estoppel in this case and that, therefore, our recent decision in *Hutson v. Walker,* 37 Wn. (2d) 12, 221 P. (2d) 506, must be overruled. Since I was the writer of the opinion of the court in that case, I deem it appropriate to state my reasons for concurring in the present decision.

In the *Hutson* case, this court applied the statement found in *Frye & Co. v. Boltman,* 182 Wash. 447, 47 P. (2d) 839 (italicized below), where this court said with reference to § 2129:

"It is therefore apparent that the legislature of 1854, by one and the same act, defined the obtaining of money or property by falsely personating another as larceny and also provided that property obtained by larceny shall be restored to the owner notwithstanding the fact that it may have passed to an innocent purchaser.

"This subject was considered by this court in the case of *Linn v. Reid,* 114 Wash. 609, 196 Pac. 13, where the act of 1854 was considered at some length and parts here pertinent were quoted. It was there squarely held that what the

legislature intended to cover by the use of the word 'larceny' must be determined from what the law then defined as larceny. Since by the act of 1854 what was here done was defined as larceny and since that act declared that property so obtained must be returned to the owner, notwithstanding a purchase in good faith by one not a party to the wrong doing, we see no escape from the conclusion that appellant is entitled to recover under the statute.

*"Of course, one so entitled to recover may, by acts amounting to an equitable estoppel, place himself in a position where he cannot enforce his legal title,* but we see nothing in the facts of this case which even approaches equitable estoppel."

In applying the principle of equitable estoppel to the facts of the *Hutson* case, the court concluded as follows:

"Under the facts as found by the trial court, appellant is estopped by his conduct to question respondent's title to the car. This case is a proper one in which to apply the rule applied in *Linn v. Reid,* 114 Wash. 609, 196 Pac. 13, and quoted above:

" 'It is but the enforcement of the old and familiar rule that, of two innocent persons one of whom must suffer by the fraud of a third person, he who has put it in the power of such third person to commit the fraud must be the sufferer.'

"Our decision is in accord with the rule adopted in similar cases in most jurisdictions, as is shown by the annotation found in 151 A. L. R. 690, 692.

"The judgment of the trial court is affirmed."

Because § 2129, Rem. Rev. Stat., has been in force since 1854 and has never been amended or repealed, and because the italicized language in the *Frye & Co.* case was not necessary to the decision in that case, I am impelled to concur in the decision in this case.

Whether the result of the present case be considered equitable or not is a problem for the legislature and not the courts. If equitable considerations are to be accorded weight in such cases, § 2129 must be amended or repealed. Furthermore, in that event, if it be the intent of the legislature that title to motor vehicles may be transferred only on the records of the department of licenses, then Rem.

Supp. 1947, § 5312-6, should be amended to specifically so provide.

Until the legislature sees fit to make such statutory changes, I am forced to the conclusion that the decision is correct and that the *Hutson* case must be overruled.

---

May 8, 1951. Petition for rehearing denied.