## COIT vs. ELLIOTT, Judge.

MANDAMUS: *What application for, must show.*

To authorize the issuance of a writ of peremptory *mandamus*, it must be shown that there has been a refusal by the person against whom the writ is sought, to do the act or perform the duty imposed by the law which it is the object of the *mandamus* to enforce, either in direct terms, or by circumstances distinctly showing an intention in the party not to do the act required.

CHANGE OF VENUE: *Where motion filed after order of continuance.*

Where, after a motion for a new trial granted and order of continuance, the defendant presents a motion for a change of venue, it is within the discretion of the court to hear the motion at that term, or postpone its consideration to the term to which the cause stands continued.

PETITION for *Mandamus.*

*Compton & Martin,* for petitioner.

*Harrison & Jones,* for respondent.

McCLURE, C. J.   William B. Coit, on the 6th of December, 1873, represented to this court that he was indicted by the

grand jury of Ouachita county for forgery of records in the office of the Ouachita circuit clerk's office; that he was tried, convicted, granted a new trial, and that before the continuance of said cause by the judge of said court, his counsel arose and proposed to file a motion to change the venue in said cause, on the ground that said judge would not give the relator a fair and impartial trial; that said judge declared and announced that no such motion should be filed, and on his own motion, continued said cause arbitrarily, over the objection of the relator and without the motion of the prosecuting attorney to continue said cause.

Upon this showing, an alternative writ of *mandamus* was asked and awarded, commanding said judge to entertain said motion, and to make an order to change the venue of said cause, or show cause why he should not do so.

The response of the defendant sets out the indictment, trial and conviction of the relator, and the granting of a motion for a new trial; that whilst the court was making the order of continuance, one of the attorneys for Coit arose and offered to file a motion, which he stated to be a motion for a change of venue; but that the court neither read said motion nor heard it read, but refused to entertain it for the reason that said cause was ordered continued until the next term of the court; that the question of entertaining said motion is one which the court might well defer to a subsequent day of the term, or postpone its consideration to the next term of said court, and submits that the offer to file said motion, after the order of continuance, came too late; that it was and still is the intention to hear said motion for change of venue at the next term of the Ouachita circuit court and grant the same, if, in the opinion of the court, the relator brings himself within the rules of law in such case made and provided.

To this response a general demurrer was filed.

The question now arises whether, upon this state of facts, a peremptory writ of *mandamus* ought to issue. In order to lay the foundation for issuing a writ of *mandamus*, there must have been a refusal to do that which it is the object of the *mandamus* to enforce, either in direct terms, or by circumstances distinctly showing an intention in the party not to do the act required. 3 Stephens Nisi Prius, 2292; Redfield on Railways, 441, note 5.

· Has such a showing been made in this case? Standing on demurrer, it is admitted by the relator that at the time of refusing to hear the motion, "the cause was continued, and that it was and still is the intention of the defendant to hear said motion at the term of the court to which the same was continued." This, in our opinion, is not a showing on the part of the relator that the defendant intends not to do the act required.

But waiving this, let us see if the relator has made such a showing in other respects as would entitle him to the writ. Two things must be shown before a peremptory writ of *mandamus* will issue: first, that the relator has a clear legal right to have the thing done which he demands; and second, that he has no other adequate remedy. It is not even alleged that the relator has no other adequate remedy, nor is it so shown. This being true, let us examine whether the relator has a clear legal right to the thing demanded.

The relator claims he has a right to have the motion heard without further delay, and the venue changed. This right, he says, is founded on the following section (432, amendments to code, approved April 25, 1873): "Whenever the defendant, under any indictment for felony, shall file the affidavit of himself, supported by the affidavit of some other credible person, stating that he verily believes that the judge of the court in which the prosecution is pending will not give him a

fair and impartial trial, the court shall make an order chang-
ing the venue in such cause to the most convenient county in
an adjoining circuit, and shall make an order directing the
clerk to transmit the papers, as required in other cases of the
change of venue in criminal cases, which shall have the same
effect as in other cases hereinbefore provided."

This provision makes it the duty of the judge, whenever
the affidavits are filed, to make an order changing the venue
to the most convenient county in an adjoining circuit. The
relator insists that the moment the proper affidavits were filed,
it was the imperative duty of the judge to make an order
changing the venue, and that he had no discretion in the
premises. Some one had to judge whether the affidavits filed
were in strict conformity to the law ; now who was to deter-
mine this fact, the relator or the judge ? We think the duty
of ascertaining whether or not the affidavit made by the de-
fendant in the court below was within the letter of the law
was a question for the determination of the judge, and that
he was entitled to reasonable time within which to make the
examination. Not only this, but the question whether or
not the person making the affidavit in support of the defend-
ant's affidavit was a "credible person" was one that had to
be determined by the court, and for this purpose the prosecut-
ing attorney ought to have been allowed reasonable time
within which to attack the character, if he so chose, of the
person making the affidavit as a "credible person."

The mere fact that the cause was continued before the mo-
tion for a change of venue was made did not relieve or ex-
cuse the judge from entertaining the motion. In fact, we
think it was his duty, notwithstanding the order of continu-
ance, to have taken up the motion for change of venue and
to have made some disposition of it. It appears from the
judge's own showing that, during the time he was making the

order granting a new trial and continuing the cause, the counsel of defendant arose and stated that they wanted to file a motion for a change of venue. From this, it appears the judge had knowledge that a change of venue was desired before he had concluded his remarks about granting a new trial and ordering a continuance. With that knowledge before him he should have halted and, at least, heard what the defendant had to say, before ordering a continuance on his own motion.

The defendant was entitled to a speedy trial, under our constitution, and no order should have been made which in any manner abridged that right, unless the state could not safely proceed to trial, and of this fact the prosecuting attorney is presumed to know more than the judge. The mere fact that a continuance was ordered did not deprive the court from hearing the motion, as the same power that made it could have set it aside. While the conduct of the judge comes far from meeting the approbation of this court, his response does not show an absolute refusal to grant the motion, but, on the contrary, an intention to dispose of it at the next term of the court. For these reasons the peremptory writ will not issue.

In the opinion first delivered in this case, there was some allusion to the fact that the legislature could not impose a disqualification upon a judge that would disqualify him from presiding at trials within his circuit.

This assertion has, by some members of the profession, been construed to be a declaration that this court has decided the 432d section of the criminal code as being in conflict with the constitution. No such decision was made, and by a fair interpretation no such conclusion could be drawn from the language. There is a difference between a law that allows a criminal to be tried outside of his circuit, and one that prohibits a judge from presiding at trials within his circuit, and

we are not responsible for the lack of ability that cannot distinguish the difference. In order to prevent confusion, consequent to a misapprehension of what had been decided by this court, that portion of the opinion from which, and upon which, it might be claimed the profession was or might be misled, is stricken out.

*Mandamus* denied.

STEPHENSON, J., dissenting.