IRA D. KEMERER, ET AL., PLAINTIFFS IN ERROR, v. THE STATE, EX REL. J. GARBER, DEFENDANT IN ERROR.

1. **County Board:** POWERS. The board of county commissioners have no power to review, vacate, or set aside its former adjudications.

2. ———: AUDITING COMPENSATION OF PUBLIC OFFICERS. Where the compensation for services rendered for the county is definitely fixed by law, the audit of the same and drawing a warrant therefor, by the board, are merely ministerial duties unattended with the exercise of any official discretion, and therefore, in such case, the board cannot make such compensation any greater nor any less than that fixed by the law.

3. **Mandamus.** The application for a writ of mandamus must show a prior demand and refusal, and must set forth facts which clearly impose upon the respondent a duty which the law enjoins upon him as resulting from an office, trust, or station.

4. ———. If the relator sets up in his application a claim, the payment of which is not allowed by law, it is a fatal objection to a mandamus.

ERROR to the district court for Nuckolls county. Tried below before WEAVER, J. The opinion states the case.

*H. S. Kaley,* for plaintiffs in error, cited Gen. Stat., 234, sections 14, 23, 26, 40. *Connor v. Morris,* 23 Cal., 450. High's Ex. Leg. Rem., secs. 101–104. *Clarke v. DesMoines,* 19 Iowa, 219. *Linden v. Case,* 46 Cal., 171. *Keller v. Hyde,* 20 Cal., 594. *The People v. Wood,* 35 Barb., 656. *Com'rs of Jefferson Co. v. Patrick,* 12 Kan., 605. Dillon's Mun. Corp., 55, 665. *Supervisors of Richmond Co. v. Van Clief,* 1 Hun., 454. *State, ex rel. Baen, v. Yaetman,* 22 Ohio State, 546. *Board of Supervisors v. Ellis,* 56 New York, 620.

*James Laird* and *J. S. Gilham,* for defendant in error.

The commissioners had jurisdiction to allow the amount they did, and their judgment is conclusive in all subsequent and collateral proceedings. *Brewer v. Otoe County,* 1 Neb., 382. *Brown v. Otoe County,* 6 Neb., 111. *State, ex rel. Clark, v. Buffalo County,* 6 Neb., 454. *Evans v. Percifull,* 5 Ark., 424. *Snelson v. The State,* 16 Ind., 29. *Robinson v. Board of Supervisors,* 16 Cal., 212. *Carrol v. The Board,* 28 Miss., 38. *Voorhies v. The Bank,* 10 Pet., 479. *Smiley v. Sampson,* 1 Neb., 56.

The statute prescribing the amount the clerk is to receive does not affect the jurisdiction of the commissioners to determine the amount. It only guides the commissioners as it would any other court after jurisdiction has been acquired. The commissioners must still audit the claim of the clerk, and that their judgment may be good on error they must follow the law, and it is so with every claim presented for their allowance. There is no claim so peculiar, so high or so low, but its amount is fixed by law, statutory or common, and the commissioners are as apt to err in the allowance of one as the other. The attempt of the commissioners to rescind the allowance of the claim was wholly without jurisdiction and void.

GANTT, CH. J.

This case is brought here on error from the judgment of the district court, allowing a peremptory writ of mandamus against the plaintiffs in error to compel them to issue certain county warrants in favor of defendant, the relator.

It appears from the record that the defendant was county clerk, and that he presented to the board of county commissioners three several bills, amounting in the aggregate to $295.30, for preparing the tax list and duplicate for the year 1876.

On the thirteenth of November, 1876, the board audited and allowed his claims; but on the fifth of April in the following year, the board reconsidered and rescinded the former adjudication of the relator's claim. It further appears that the assesed value of property of the county for the year 1876 was $701,183.80. The errors alleged are substantially, that the court erred in rendering judgment allowing the writ; that the judgment is not sustained by the evidence, and is contrary to law.

It may first be observed that the proceedings of the board, had on the fifth day of April, 1877, reversing and rescinding its former action in regard to the claim of the relator, is a mere nullity, because it has no power to review, vacate, or set aside its former adjudications. *State, ex rel. Clark, v. Buffalo County*, 6 Neb., 454.

But, again, the audit and allowance of the relator's claim by the board, on the thirteenth of November, 1876, cannot have the effect of an adjudication, and must be treated as simply void; because the board has no judgment or discretion to exercise in the matter.

The fees of the county clerk for preparing the tax list and duplicate are definitely fixed by law, and the board cannot make them any greater or any less; and there-

fore the duty of the board is merely ministerial, and that is, to issue a warrant to the clerk for the amount so fixed by law for preparing the tax list and duplicate. Section 3, of the act of February 23, 1873, provides that: "For preparing tax lists and duplicates in counties where the assessed value of property shall not exceed two million dollars, the clerk shall receive compensation at the rate of *one-fourth of one mill for each dollar* of such valuation as shown by such tax list, which *shall be paid by warrant* on the county treasurer." The tax list when completed is kept in the office, and from the assessed value of property, as footed up in this list, the board, by simple calculation, can easily ascertain the amount of fees the law allows the clerk in the case. This is merely a ministerial act and not judicial. High on Ex. & Leg. Rem., §§ 101 and 105. *Shaw v. Howel et al.*, 18 La. Ann., 195. *Apgar v. Trustees*, 5 Vroom, 309. In the case at bar, it appears that the assessed value of property of the county was $701,183.80, and therefore the fees of the clerk for preparing the tax list and duplicate, as fixed by law, amount to $175.30. For this amount he is entitled to a warrant; but in his affidavit for the writ he makes no claim for a warrant for this amount.

Now, in an application for the writ, it is not only absolutely necessary to show a prior demand and a refusal (*Leonard v. House*, 15 Ga., 473), but it is also essential to set forth facts which clearly impose upon the respondent the duty which it is sought to compel him to perform. *People v. Town Board*, 14 Mich., 28. The statute in relation to mandamus provides that "the writ may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law *specially enjoins as a duty* resulting from an office, trust, or station," and that the "writ must state concisely the fact showing the obligation of the

defendant to perform the act, and his omission to perform it."

In this case the writ would compel the respondents to perform an act which is *not specially enjoined by law as a duty* to be performed by them, but to perform an act which would be an infringement of the law. This is a fatal objection to the mandamus. Even a failure to allege that there is money not otherwise appropriated by law out of which the money is directed to be paid, is fatal to a mandamus. *Redding v. Bell,* 4 Cal., 334.

The judgment of the court below must be reversed, and the action must be dismissed without prejudice to the relator's right to his fees allowed by law.

JUDGMENT ACCORDINGLY.