¡Filed Oct. 9, 1894.

---

No. 17,018.

LAKE ERIE AND WESTERN RAILROAD COMPANY *v.* THE STATE, EX REL. MUSHLITZ, TOWNSHIP TRUSTEE.

MANDAMUS.—*Alternative Writ, Insufficiency of.*—*Demand.*—*Public Ditch, Obstruction of.*—*Railroad.*—*Township Trustee.*—In a mandamus proceeding by a township trustee against a railroad company, to compel the removal of an obstruction from a public ditch, the alternative writ is insufficient on demurrer where it is not made to appear that the plaintiff had demanded of the defendant that the obstruction be removed.

From the Clinton Circuit Court.

*W. E. Hackedorn, S. O. Bayless* and *C. G. Guenther,* for appellant.

*T. H. Palmer, W. F. Palmer* and *A. G. Smith,* Attorney-General, for appellee.

HACKNEY, C. J.—The appellee prosecuted this suit in

the circuit court to enforce, by the writ of mandamus, the removal of an obstruction from a public ditch within the civil township of which the relator was trustee. The alternative writ, upon which the issues were formed, set forth the facts related in the petition, and one of the assigned errors of the lower court is in the overruling of appellant's demurrer to said writ. The obstruction complained of consisted in maintaining across the appellant's right of way, in the line of said ditch, a large iron sewer-pipe for the passage, through said right of way, of the water flowing through said public ditch, said pipe having been laid above the level of the bed of said ditch as originally constructed, and because of which, the waters of said ditch were held back upon adjacent lands to the injury of a public highway, and of the public health. Several questions have been ably discussed by counsel, but our conclusion renders it unnecessary for us to consider more than the one question of said ruling upon demurrer. One objection to the writ, and that which we regard as fatal, is that it was not made to appear that the appellee had demanded of the appellant that' said obstruction be removed. That a demand is necessary we regard as firmly settled in this State. *Lewis* v. *Henley*, 2 Ind. 332; *Condit* v. *Board, etc.*, 25 Ind. 422; *State, ex rel.*, v. *Board, etc.*, 45 Ind. 501; *Board, etc.*, v. *State, ex rel.*, 61 Ind. 379; *State, ex rel.*, v. *Slick*, 86 Ind. 501. See, also, *People, ex rel.*, v. *Walker,* 9 Mich. 328; *Coit* v. *Elliott*, 28 Ark. 294; *State* v. *Davis*, 17 Minn. 429; *State* v. *Schaack*, 28 Minn. 358; *Kemerer* v. *State*, 7 Neb. 130; *State* v. *Governor*, 25 N. J. L. 331; *State* v. *Lehre*, 7 Rich. (Law) 234.

We are aware that there are cases in other states where this view is not maintained, but we are of opinion that in no case should an officer, a corporation, or a citizen be visited with the extraordinary remedy of the writ with-

out notice that his neglect is injurious to others who are demanding that it shall cease, and until an opportunity has made it possible for him to act upon such notice; nor should the courts be asked to extend this unusual remedy to enforce relief which may be obtained from the offender by the asking. This rule promotes the repose of society, and discourages litigation. There may be instances in which we would not hold a demand necessary, as where the defendant is shown to have done that which anticipates the demand, and refuses to be governed by it; but where such facts do not appear the demand is essential to give the relator that standing before the court, which entitles him to say not only that a denial of the writ would be a failure of justice because no other adequate legal remedy exists, but that he has done that which renders a resort to the writ indispensable, and entitles him, as one who has acted justly, to seek that extraordinary relief. As said in *State, ex rel.,* v. *Board, etc., supra:* "In order to lay the foundation for issuing the writ, there must have been a refusal to do that which it is the object of the writ to enforce, either in direct terms, or by circumstances distinctly showing an intention in the party not to do the act."

Counsel for the appellee urge with strong argument that a distinction exists in those cases where the duty neglected is an official duty, and where the duty is not charged upon one acting in an official capacity.

We concede that in some instances greater reason exists for requiring the demand that an official shall perform a duty resting upon him, before resorting to the writ, than in cases where a duty rests upon one not an official. Those are instances such as counsel illustrate, where the official is charged with a duty the discharge of which depends upon a demand by him for whom the

duty is to be performed. How could the clerk of the circuit court be required, by the writ, to issue a marriage license to one who had not sought the license from the clerk before applying for the writ? No one would insist that, in such case, the writ should issue. The fact that the rule applies with greater reason in the one case, does not require the withholding of the rule in other cases.

The appellee quotes the following statement of the rule from 14 Am. and Eng. Encyc. of Law, 106: "The general rule is admitted to be that a demand and refusal is necessary. * * * But it is manifest that there are cases affecting public officers or duties when the idea of a literal demand and refusal does not have place, * * * and especially is this true when the respondent has done an act which he calls a performance, but which the law says is not such."

This statement of the rule supports our view of the present case, but how far it may be a departure from the general rule as we have stated it, if it can be said not to support it, is not now a question.

We do not consider whether the writ may be employed to abate a nuisance, nor do we determine the sufficiency of the writ to disclose the appellee's inability to remove the obstruction through the instrumentalities provided by law. Nor do we determine whether the criminal prosecution provided by law for obstructing public ditches, will supersede the remedy by mandamus, as intimated in *State, ex rel.,* v. *Yant,* 134 Ind. 121, but the following cases upon the subject may be consulted as probably holding that it is not so superseded: *Etheridge* v. *Hall,* 7 Port. 47; *In re Trustees of Williamsburgh,* 1 Barb. 34; *Fremont* v. *Crippen,* 10 Cal. 211, 70 Am. Dec. 711; *King* v. *Bank of England,* 2 Doug. 524; *Queen* v.

*Eastern Counties R. W. Co.,* 10 Ad. & El. 531; *Dane* v. *Derby,* 89 Am. Dec. 722.

The judgment of the circuit court is reversed, with instructions to sustain appellant's demurrer to the alternative writ..

