### DUNN, AUDITOR *v.* STATE EX REL. CORYDON.

[No. 26,088. Filed February 20, 1933.]

*Harvey A. Grabill,* for appellant.
*Johnson & Zechiel,* for appellee.

ROLL, J.—This is an action by the State of Indiana on the relation of Alice Corydon against Harry Dunn, as Auditor of Marion County, to mandate said auditor to issue his voucher in payment of a sum of money alleged to be due her for services while employed as a page in the Circuit Court of Marion County.

Appellant filed a demurrer to the petition, on the ground that said petition does not state facts sufficient to constitute a cause of action, which was overruled by the court. Appellant elected to stand on the demurrer, and judgment was entered in appellee's favor. The only error assigned is the overruling of appellant's demurrer.

The petition, in substance, alleges that the relatrix was appointed to the position of page by the judge of the Marion Circuit Court on November 27, 1919, and the order of her appointment was entered of record, and

since the date of her appointment she has been serving as page in said court.

That because of the volume of business transacted in said court, and in order to carry on said court expeditiously and properly it was necessary to employ a page. That her duties consisted of receiving and filing legal papers and to be in personal attendance upon the court and attorneys in the court room, to notify attorneys of the trial date of cases and the rulings upon motions before the court.

The petition further recites, that the clerk of said court regularly prepared a verified itemized statement of court expenses for the Marion Circuit Court for the year 1930, in which there was duly itemized expense for a page for said court in the sum of $750, which itemized statement was approved by the court, all as provided for by law. The petition further alleges that $750 was reasonably necessary to enable the court to exercise fully and freely its judicial functions. That the itemized statement so prepared by the clerk of said court was filed with the county auditor and thereafter presented to the County Council. That said council refused to make the appropriation for $750 as requested, but did appropriate the sum of $500 instead. That said sum was unreasonable and not sufficient to enable the said court to employ a page reasonably competent to perform the services necessary to the court. That from time to time the court issued an order for allowance, directed to the Auditor of Marion County to pay the relatrix $65.00 due her for each month's services, which orders were honored by the auditor till the appropriation of $500.00 was exhausted, and thereafter refused to issue his warrants in payment of the monthly salary of said page.

The petition shows by proper averments that at the time this action was commenced, there was due and unpaid the relatrix the sum of $187.50. The prayer was

for a writ of mandate, ordering and commanding the auditor of Marion County to issue warrants upon the treasury of Marion County for $187.50 now due and also for any payment of such sums as shall from time to time become due her. After the court had overruled appellant's demurrer, the following judgment was entered:

"It is therefore considered and adjudged by the court that the relator is entitled to the relief prayed for in the complaint and is entitled to a judgment in the sum of $280.00 and the defendant, as Auditor of Marion County, Indiana, is ordered to issue a warrant upon the treasurer for the payment of said sum of $280.00, to the relator herein within 30 days from date hereof."

Section 22 of the county reform act, Acts 1899, p. 343, Sec. 5883 Burns 1926, provides how the money in the county treasury may be paid out, and in what cases appropriations are necessary. It provides, in part, as follows:

"Appropriation by the county council shall not be necessary to authorize a warrant drawn and payment made out of the county treasury in the following instances, namely: Of any money belonging to the state; of any money belonging to any school fund, whether principal or interest; or any money belonging to any fund of any township, town, or city of the county; or of any money due to any person, company or corporation which has been paid into the county treasury pursuant to assessment on persons or property of the county in territory less than that of the whole county for any public improvement or purchase thereof, such as ditches and drains and repairs thereof, straightening watercourses, making levees and repairs thereof, or establishing and constructing highways, turnpikes, gravel or macadamized roads; of any money due to any person, company or corporation, which has been paid into the treasury to redeem from any tax or other sale; or of any money so due that has been paid in pursuant to authority of law as a tender or payment to the person, company or corporation; or taxes erroneously paid. In all the above enumer-

ated instances, payment may be made out of the county treasury upon the authority and in the manner prescribed by law without appropriations by the county council. In all other instances, no warrant shall be drawn upon, or money paid out of, the county treasury, unless an appropriation by the county council therefor has been made for the calendar year in which the payment is made, and which appropriations remains unexhausted."

Section 23 of the same act, being Sec. 5884 Burns 1926, provides as follows:

"The county auditor shall keep separate accounts for each specific item of appropriation made by the council, and shall state in all warrants drawn upon the treasury specifically against which of said items the warrant is drawn. He shall not suffer any item of appropriation to be overdrawn, or the appropriation for one item to be drawn upon for any other purpose, or for the purpose of any other county office, court or division thereof, or board of commissioners other than that for which the item of appropriation was specifically made. Any county auditor who shall knowingly and willfully violate the provisions of this or the preceding section shall be deemed guilty of a misdemeanor, and, upon conviction, shall be fined in any sum not exceeding one thousand dollars ($1,000), to which may be added imprisonment in the county jail for a term not exceeding six months."

From the above provisions of our statute it would seem to be a condition precedent in an action to mandate the auditor to issue a warrant to show that there was an existing appropriation for that particular purpose sufficient to pay the amount of the warrant. *State, ex rel.*, v. *Parks* (1907), 169 Ind. 93, 81 N. E. 76. The court should not by its decree cause a person to do an act which would subject such person to a criminal prosecution.

We conclude, therefore, that the court erred in overruling appellant's demurrer, and for that reason the judgment of the lower court must be reversed.

The parties to this action, by their agreement which is in the record, attempts to waive any mistake as to the kind of action that should have been instituted, to the end that the case could be decided on its merits, but from the result which might follow, it would not be advisable for this court to follow the suggestion. But by reason of such an agreement we do feel that some further expression should be made by the court on the questions presented.

We quite agree with appellant that the legislature has no power or authority to curtail and hamper the courts in the exercise of their lawful duties, and that the court has inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction and to employ the relatrix as a page in said court if it was reasonably necessary for the practical and efficient operation of its lawful and designated duties. This power in the court necessarily implies the power and authority to order paid the reasonable and necessary expense of such assistance. *State, ex rel.,* v. *Flynn et al.* (1903), 161 Ind. 554, 69 N. E. 159; *Board* v. *Stout* (1893), 136 Ind. 53, 35 N. E. 683, 22 L. R. A. 398. And it then becomes the duty of the County Council to make the proper appropriation to meet such expense. Should the County Council refuse so to do the proper action would be, to mandate them, and not the County Auditor. *State, ex rel. Fox* v. *Board of County Commissioners of Carroll County et al.* (1931), 203 Ind. 23, 178 N. E. 563. It was the County Council and not the Auditor that was derelict in their duty. If, after the County Council makes the appropriation, the County Auditor should then refuse to issue his warrant, such an action as this would be proper.

Judgment reversed with instructions to the lower court to sustain appellant's demurrer.