FINERTY, AUDITOR ET AL. *v.* STATE EX REL. GREENWALD.

[No. 27,158. Filed March 21, 1939.]

*George E. Hershman,* for appellants.

*Gavit & Richardson,* and *Frank N. Gavit,* for appellee.

SWAIM, J.—This was an action brought by the relator, Charles E. Greenwald, to mandate the appellants, as auditor and treasurer of Lake County, Indiana, to pay appellee the sum of $5,166.24, which amount appellee claimed to be the balance due him from said county, on his salary as Judge of Room 3 of the Lake Superior Court. In 1927 the board of county commissioners of said county, pursuant to §§4-3202 et seq. Burns 1933, §§1245 et seq. Baldwin's 1934, fixed appellee's salary at $5800.00 per annum, which amount was paid to appellee, in monthly installments of $483.33, until June 30, 1932. In June, 1932, the board of commissioners of Lake County, Indiana, in an effort to reduce the operat-

ing cost of government in said county, entered an order reducing the allowance of each of the judges of said county, including appellee, in the sum of $2,000.00 annually and thereafter appellee, after some remonstrance with the appellant auditor, prepared and filed with said auditor monthly verified claims for his salary in the reduced amount, and accepted said reduced salary, at the rate of $316.66 per month, during the remainder of his term, which expired December 31, 1934. In 1933 appellee filed an estimate or budget of expense for his court for the year 1934 and in this estimate showed his salary for the next fiscal year at the reduced amount of $3,800.00. The evidence most favorable to appellee tends to show that he, at no time, was satisfied with the reduced salary and that he, both orally and in writing, made this fact known to the auditor. He informed the auditor, on different occasions, that he did not intend to give up his right to claim the difference between the reduced salary and the amount originally fixed by the board of county commissioners. On January 15, 1935, the relator appellee made a written demand on said auditor that said auditor issue to him a warrant on the county treasury for said sum of $5,166.24, the balance of his salary as judge, which demand was refused by said auditor. No demand was at any time made on the appellant treasurer. On July 28, 1937, this action was instituted asking that said appellant auditor be mandated to issue and deliver a warrant drawn upon the county treasurer for the payment of said salary and that said treasurer be ordered and mandated to pay said warrant, from the funds in his hands as county treasurer of Lake County, Indiana, upon its presentation to him.

To the appellee's complaint the appellants filed an amended answer in three paragraphs, the first alleging facts which appellants contended showed a waiver by

appellee of his claim to the additional salary; the second alleging the same facts, which appellants contended showed that appellee was estopped to assert his claim to additional salary; and the third, a general denial.

The appellee's demurrer to the first and second paragraphs of appellants' amended answer was sustained as to the second paragraph and overruled as to the first paragraph. Appellee's reply in two paragraphs closed the issues, after which trial was had. The court entered a judgment mandating the appellant Finerty, as auditor of Lake County, Indiana, to issue to the appellee, a warrant payable to said appellee, drawn on the treasury of said county, in the amount claimed by said appellee, and also mandating and ordering said appellant, Madden, as treasurer of said county, to honor said warrant upon its presentation and to pay the same "if there be cash on hand with which to pay the same, and if there be not sufficient cash therefor, by endorsing the same with the date of said presentation and the words 'not sufficient funds.'" Appellants' motion for new trial was overruled and this appeal followed.

Appellants' first assignment of error is based on the action of the trial court in sustaining appellee's demurrer to appellants' second paragraph of amended answer. The appellants' first paragraph of answer, to which a demurrer was overruled, contained the same material allegations as the second paragraph. All facts which the appellants might properly have proved under the second paragraph of their answer they could have proved under their first paragraph of answer. In such a case there was no error in sustaining the demurrer to the second paragraph of answer. *Washington Hotel Realty Co.* v. *Bedford Stone and Construction Company* (1924), 195 Ind. 128, 137, 143 N. E. 156.

The second error relied on by appellants for reversal

was the overruling of appellants' motion for a new trial, which motion alleged as grounds therefor that the finding of the court was not sustained by sufficient evidence and was contrary to law.

The appellee contends that the evidence is not before this court for review for the reason that the praecipe does not embrace a bill of exceptions. The praecipe, omitting the caption and formal parts, was as follows: "You are hereby requested to prepare a transcript of the record of the proceedings in the above-entitled cause, and to include therein all papers and pleadings filed and on file, the order book entries of all orders and rulings, and the final judgment in the above entitled cause and to certify to the same, to be used on appeal to the Supreme Court in the State of Indiana." The transcript herein affirmatively shows the signing and filing of the bill of exceptions. This court has held that where this is affirmatively shown by the transcript, a praecipe calling for a transcript of "all papers filed in the cause" included the bill of exceptions containing the evidence. *Smith* v. *Switzer* (1933), 205 Ind. 404, 408, 186 N. E. 764.

There was no allegation in the complaint of, nor did the evidence show, any demand by the appellee on the treasurer prior to the bringing of this action. The appellee admits that no such demand was made but insists that such demand was not necessary, since it could not be made until after he had received a warrant from the auditor. We can not agree with the appellee on this contention. This action seeks to have the court order the treasurer to perform an ordinary official duty. If a valid warrant drawn by the auditor on the county treasury is properly presented to the treasurer for payment it is the official duty of the treasurer to honor such warrant. In the absence of any showing to the contrary, it is presumed that the treas-

urer will perform any duty which is enjoined upon him by law. As was said by Elliot, J. in the case of *Ingerman Drainage Commissioner* v. *State ex rel. Conroy* (1890), 128 Ind. 225, 27 N. E. 499, "The presumption is that an officer will do his duty upon request, and to put him in the wrong a demand is essential. *Jackson School Twp.* v. *Farlow*, 75 Ind. 118. A claimant of a fund can not maintain such an action as this without first demanding payment of his claim." In the case of *Lake Erie and Western Railroad Co.* v. *The State ex rel. Mushlitz* (1894), 139 Ind. 158, 159, 38 N. E. 596, in holding that a demand is necessary, this court said:

"We are aware that there are cases in other states where this view is not maintained, but we are of opinion that in no case should an officer, a corporation, or a citizen be visited with the extraordinary remedy of the writ without notice that his neglect is injurious to others who are demanding that it shall cease, and until an opportunity has made it possible for him to act upon such notice; nor should the courts be asked to extend this unusual remedy to enforce relief which may be obtained from the offender by the asking. This rule promotes the repose of society, and discourages litigation. There may be instances in which we would not hold a demand necessary, as where the defendant is shown to have done that which anticipates the demand, and refuses to be governed by it; but where such facts do not appear the demand is essential to give the relator that standing before the court, which entitles him to say not only that a denial of the writ would be a failure of justice because no other adequate legal remedy exists, but that he has done that which renders a resort to the writ indispensable, and entitles him, as one who has acted justly, to seek that extraordinary relief. As said in *State ex rel.* v. *Board, etc., supra:* 'In order to lay the foundation for issuing the writ, there must have been a refusal to do that which it is the object of the writ to enforce, either in direct terms, or by circumstances distinctly showing an intention in the party not to do the act.' "

In the instant case there is no attempt by the appellee to show any circumstances which would indicate that the treasurer would refuse to honor such a warrant if procured by the appellee and properly presented. In the absence of such a showing a demand is necessary. We, therefore, hold that the appellee was not entitled to maintain his action mandating the treasurer to honor and pay such warrant.

The complaint in this case failed to allege that there was any fund in the county treasury available for the payment of appellee's claim. The evidence was entirely silent on this question. The court by the form of its judgment recognized the possibility of there being no such funds available.

Appellee is claiming under ch. 11, p. 36 of the Acts of 1927, which provides for additional salaries for judges of certain courts covered by said act and also provides how and when such additional salaries should be fixed, allowed, and paid. Section 2 of said act provides as follows: "No appropriation by the county council in any such county shall be required to authorize the payment of allowances made by the county commissioners under the provisions of this act." The appellee contends that by reason of this section of said act it was unnecessary for him to show that there were funds in the county treasury available for the payment of his claim.

The County Reform Act, Acts of 1899, ch. 154, p. 343, §§26-501, et seq., Burns 1933, §§5365, et seq., Baldwin's 1934, provides a method for fixing, each year, a tax rate which will raise sufficient funds to pay the necessary expenses of the county for the ensuing year. In order to give the county council sufficient information from which to figure such tax rate the various county officials are required to furnish itemized estimates of the amounts which will be required to operate their

respective offices. The first item specified for the court estimates is the amount of the salary of the judge payable out of the county treasury. The act places on the auditor the duty of preparing, from said estimates, an ordinance in proper form, to be adopted by the council fixing the tax rate for the ensuing year and making an appropriation by items for the various purposes for which such estimates are required. In order to guarantee that the funds so raised would be expended only pursuant to the itemized estimates and the appropriations based thereon, §23, p. 343 of the 1899 act, *supra* (§26-523 Burns 1933, §5387 Baldwin's 1934), then provided as follows:

> "The county auditor shall keep separate accounts for each specific item of appropriation made by the council, and shall state in all warrants drawn upon the treasury specifically against which of said items the warrant is drawn. He shall not suffer any item of appropriation to be overdrawn, or the appropriation for one item to be drawn upon for any other purpose, or for the purpose of any other county office, court or division thereof, or board of commissioners other than that for which the item of appropriation was specifically made. Any county auditor who shall knowingly and willfully violate the provisions of this or the preceding section shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum not exceeding one thousand dollars ($1,000), to which may be added imprisonment in the county jail for a term not exceeding six months."

It will be noted that this section of said act places on the auditor the duty of keeping his account in such manner that he will, at all times, know the exact status of each appropriation account, and then prohibits him from doing either of two things: (1) he shall not draw against any account for a larger amount than the appropriation balance therein, and (2) he shall not draw a warrant upon any appropriation item or account

*"for any other purpose,* or for the purpose of any other county office, court or division thereof, or board of commissioners *other than that for which the item of appropriation was specifically made."*

In view of the fact that the 1927 act provided no method of raising the necessary funds with which to pay the additional salaries and, in view of the further fact that it was the apparent desire of the legislature that said act should become effective at the earliest possible moment, it might be argued that the provision therein, to the effect that no appropriation by the county council should be required to authorize the payment of such additional salaries, should only be construed as referring to such additional salaries as were payable between the effective date of the act and the time when appropriated funds, appropriated and raised pursuant to the provisions of the 1899 act, became available. Appellee, however, contends that the 1927 act makes unnecessary an appropriation for any salaries payable under said act. It is unnecessary to decide this question under the facts established by appellee herein.

The 1927 act does not purport to give the auditor any authority to draw a warrant for such salary against any fund or account which has been appropriated for some other purpose. It is admitted by appellee that there is no appropriation balance against which a warrant for his claim could be drawn. This being true, the auditor could only legally draw a warrant, covering said claim, against an unappropriated balance. The complaint does not allege, nor did the evidence show, that there was any such unappropriated balance available. In the absence of any showing to the contrary, we must assume that the county council of Lake County each year has done its duty; that in computing the necessary tax rate, it has utilized

all available balances both actual and anticipated and has taken into consideration all anticipated receipts from sources other than taxation. An auditor should not be mandated to draw a warrant, which can only legally be drawn against an unappropriated balance, without a clear showing that there is such a balance available. As said by this court in the case of *Dunn* v. *State ex rel.* (1933), 204 Ind. 390, 394, 184 N. E. 535, "The court should not by its decree cause a person to do an act which would subject such person to a criminal prosecution." In the instant case there was no showing that there was an available unappropriated balance against which a warrant covering the appellee's claim might legally have been drawn. We, therefore, hold that the auditor should not have been ordered to draw such warrant.

A determination of the question of the appellee having waived his claim to the additional salary, as contended by appellants, is unnecessary to the decision of this case.

The judgment is reversed and the trial court is ordered to sustain appellants' motion for a new trial.

Roll, J., absent.