

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 13, 1969

Honorable Charles R. Ramsay
County Attorney, Hays County
P. O. Box 2319
San Marcos, Texas 78666

Opinion No. M-393

Re: Whether the employment and
designation of adult proba-
tion officers is subject
to express approval of the
commissioners court, and
related question.

Dear Mr. Ramsay:

You have requested the opinion of this office on the
following two questions:

"1. Is the employment and designation
of adult probation officers subject
to the express approval of the com-
missioners court?

"2. If the answer to question number one is
'yes' is the advice and consent of the
commissioners court of each county in a
multi-county district mandatory?"

The answers to your questions involve an interpre-
tation of Article 42.12, Section 10, Code of Criminal
Procedure, which provides, in part, that

"....the district judge or district judges having
original jurisdiction of criminal actions in
the county or counties, if applicable, are
authorized, with the advice and consent of the
commissioners court as hereinafter provided,
to employ and designate the titles and fix
the salaries of probation officers, and such
administrative, supervisory, stenographic,
clerical, and other personnel as may be
necessary to conduct presentence investigations,
supervise and rehabilitate probationers, and
enforce the terms and conditions of probation."
(Emphasis added.)

-1945-

The language of Article 42.12, Section 10, provides expressly that the district judge must seek the "advice and consent of the commissioners court as hereinafter provided." (Emphasis added.) However, the underlined language is ambiguous and misleading, since no subsequent provision is set out in the statute for the advice and consent of the commissioners court. Thus, the statute is subject to two interpretations: (1) the judge must obtain the advice and consent set forth in the statute; or (2) the judge is not required to obtain consent, there being no provision thereinafter provided to cover the manner or conditions of a consent requirement; hence the ambiguous language must be deemed superfluous and yield to the clear legislative intent expressed in the statute when considered as a whole.

Where the language of a statute is ambiguous, construction becomes necessary. Koy v. Schneider, 221 S.W. 880 (Tex.Sup. 1920). "The fundamental rule controlling the construction of a statute is to ascertain the intention of the Legislature expressed therein. That intention should be ascertained from the entire act, and not from isolated portions thereof." City of Mason v. West Texas Utilities Co., 237 S.W.2d 273, 278 (Tex.Sup. 1951). Thus, in order to determine the correct interpretation of Section 10, the entire statute must be considered and discussed in light of the aims and purposes of the Legislature with respect to the probation system in Texas.

The purpose of the statute is stated in Section 1 of Article 42.12:

> "It is the purpose of this Article to place wholly within the State courts of appropriate jurisdiction the responsibility for determining when the imposition of sentence in certain cases shall be suspended, the conditions of probation, and the supervision of probationers, in consonance with the powers assigned to the judicial branch of this government by the Constitution of Texas.... It is the final purpose of this Article to remove from existing statutes the limitations, other than questions of constitutionality, that have acted as barriers to effective systems of probations and paroles in the public interest." (Emphasis added.)

Section 10 of Article 42.12 further imposes the duty upon the district judge to employ probation officers, designate their titles and fix their salaries.

To effectuate the expressed purpose of the statute, the Legislature imposed certain powers and duties on the judges of courts having original jurisdiction of criminal actions. The judge of the court which has jurisdiction of the case may suspend the imposition of the sentence and may place the defendant on probation and/or impose a fine commensurate with the offense committed "when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby...." (Section 3). The judge must determine the terms and conditions of the probation (Section 6). The court, further, must supervise any person placed on probation (Section 3), and it is implicit in the statute that probationers be closely supervised since the court is empowered to alter or modify the terms of probation at any time during the period of probation (Section 6), reduce or terminate probation when the defendant has satisfactorily completed one-third of the original probationary period or two years of probation, whichever is less (Section 7), and issue a warrant for the arrest of the defendant should any of the terms of probation be violated (Section 8). Moreover, only the court in which the defendant was tried may exercise the powers enumerated above unless the court has transferred jurisdiction to another court with the consent of such court (Section 5). Thus, the judge has the full responsibility of seeing that the terms and conditions of probation are enforced.

Under certain conditions, the jury may recommend probation in the verdict. Where such recommendation is made, the court must grant probation (Section 3a) and supervise the defendant during the subsequent period of probation (Section 3). This provision is inconsistent and repugnant to that provision in Section 10 which ambiguously provides that the commissioners court's consent to employ probation officers is also required.

Clearly, the intent of the Legislature as expressed in the body of the statute is primarily the same as the purpose stated in the first part of Section 1, Article 42.12:

to place the responsibility of suspending the imposition of sentences, determining conditions of probation, and supervising probations in consonance with the powers assigned to the judicial branch by the Constitution of Texas.

It would be impossible, indeed, for the court to discharge its duties and responsibilities under the statute without the assistance of probation officers or even without a sufficient number of probation officers. At the direction of the court, these officers conduct presentence investigations and submit written reports which include "the circumstances of the offense, criminal record, social history and present condition of the defendant" as well as a report of physical and mental examinations of the defendant, whenever such examinations are practicable (Section 4). In addition, they supervise the probationers, attempt to rehabilitate them, and enforce the terms and conditions of the probation (Section 10).

That the court was necessarily intended to have probation officers whenever required and decreed is abundantly clear, for the judge can perform neither his mandatory nor his permissive responsibilities without them. That the Legislature intended that the court should have a sufficient number of probation personnel to carry out its statutory duties is also explicit under Section 10, which specifically expresses the intent that (1) the caseload of each probation officer should not substantially exceed seventy-five probationers; (2) a person who handles juvenile probation may not be required to serve as probation officer for adults, and vice-versa; and (3) in districts where more than one probation officer is required, the chief adult probation officer, with the approval of the court alone, "shall appoint a sufficient number of assistants and other employees to carry on the professional, clerical, and other work of the court."

The Legislative intent and purpose is plain. The only question remaining involves which of the two possible interpretations listed above gives effect to that intent and purpose.

Under the first alternative, the judge or judges may appoint a probation officer only with the advice and

consent of the commissioners court. However, "probation officers must be employed as district officers." Attorney General Opinion No. M-336 (1969). Their jurisdiction is co-extensive with the court or courts under whose auspices they are appointed; and, although the judge or judges may assign a probation officer to work in a specific county or counties within the court's jurisdiction, all expenses, including salary, must be paid by the various counties comprising the district in proportion to the population of such counties. It logically follows that, under this interpretation, whenever a court appoints an adult probation officer, the approval and consent of the commissioners court of each and every county within the district must be obtained.[1] Since a judicial district is sometimes comprised of as many as six counties (and a majority of the districts are comprised of more than one county,) the commissioners court of only one county, by merely disapproving an appointment or appointments of probation officers, could effectively prevent necessary probation services in all of the counties involved. A conflict resulting in widespread confusion would result, leaving the district court in a "standoff" with the commissioners court and depriving the individual of his legal right to supervised probation when judicially decreed. No less important is the right of the public to supervised probation of the criminal.

[1]     Another alternative based on this reasoning is possible. Since a probation officer must be appointed as a district officer and the clause in question refers to the county commissioners court in the singular, the advice and consent provision applies only to single-county districts. This argument is rejected, however, because the language immediately preceeding this clause refers to "judge or judges in the county or counties," indicating that single-county and multi-county districts are intended to be treated in a like manner.

Such consequence is contrary to both the expressed and implied intent of the Legislature in promulgating this statute. It would be ironic, indeed, if the statute which was supposed "to remove from existing statutes the limitations.... that have acted as barriers to effective systems of probations and paroles...." (Section 1) had instead erected more formidable obstacles!

In construing ambiguous language, the consequences of any particular construction are properly taken into consideration. Thus, the court will adopt the construction "that avoids mischievous consequences and upholds constitutional and legal rights" and will "avoid a construction that will render an act or provision arbitrary, or discriminatory, futile, or purposeless, oppressive, or unreasonable." It will not adopt a construction that would "make it impossible or impracticable of enforcement, so as to enable a person to defeat or nullify it at will. Moreover, the court will avoid a construction that will result in conflict, confusion...." 53 Tex.Jur.2d 240-243, Statutes, Sec. 164.

For all of the above reasons, the second alternative construction is to be preferred over the first alternative above discussed. Under the second alternative, the advice and consent of the commissioners court is not required. The district judge or judges having original jurisdiction in the county or counties may employ probation personnel necessary to carry out the duties required by statute, limited only by the specifications in Section 10 as to qualifications, caseloads, etc. The effect of this construction is in accordance with the legislative purpose and intent providing for an effective system of probation by enabling the judge to appoint probation officers whenever, in his discretion, he determines that they are needed to carry out the work of the court.

Often "....in construing a statute it frequently happens that a word or phrase must be added to, or eliminated from, a particular part or section in order to carry out the manifest intent, as disclosed by the entire enactment. Under these circumstances,.....repugnant, superfluous, or useless words and expressions may be disregarded." 53 Tex. Jur.2d 201, 202, Statutes, Sec. 138. Therefore, the words

"with the advice and consent of the commissioners court"
must be deemed superfluous and disregarded; to do other-
wise would be to thwart the legislative intent expressed
in the statute as a whole.

The conclusion reached herein is in accord with
decisions reached in numerous foreign jurisdictions.[2]
These decisions have generally been based on the
principle that the court has inherent and constitutional
power to employ necessary personnel with which to perform
the duties required of them, to fix a reasonable
salary for such personnel, and to require appropriation
of funds for such payment.[3]

[2]     See, for example, Knox County Council v. McCormick,
217 Ind. 493, 29 N.E.2d 405 (1940); Noble County Council
v. State, 234 Ind. 172, 125 N.E.2d 709 (1955); State v.
Johnson, 224 Ind. 540, 69 N.E.2d 549 (1946); Dunn v. State,
204 Ind. 390, 184 N.E. 535 (1933); In Re Appointment of
the Clerk of the Court of Appeals, 297 S.W.2d 764 (Ky. 1957);
Smith v. Miller, 384 P.2d 738 (Colo. 1963); Schneider v.
Cunningham, 39 Mont. 165, 101 P. 962 (1909); Bass v.
County of Saline, 171 Neb. 538, 106 N.W.2d 860 (1960);
State v. Pfeiffer, 163 Ohio St. 149, 126 N.E.2d 57 (1955);
In Re Janitor of Supreme Court, 35 Wisc. 410 (1874);
20 Am.Jur.2d 440-441, Courts § 79; 21 C.J.S. 28,
Courts § 14.

[3]     There are no cases in Texas which discuss precisely
this point.  However, in Wichita County v. Griffin,
284 S.W.2d 253 (Tex.Civ.App. 1955, error ref. n.r.e.) the
court was allowed to set the salary of his court reporter
even though such action was contested by the commissioners
court on the grounds that this matter resided within its
discretion.  In Hidalgo County Water Improvement District
No. Two v. Cameron County Water Control and Improvement
Dist. No. Five, 250 S.W.2d 941 (Tex.Civ.App. 1952, no
writ), the judge was upheld in his appointment of a water
master, although the powers given to the water master
were more extensive than those given to the master in
chancery (Rule 171, T.R.C.P.) and there was no other
statute authorizing such appointment.

In view of the foregoing, the answer to your first question must be in the negative. Since the problem posed in your second question is based on an affirmative answer to the first question, no answer to it is required.

## SUMMARY

It being the intent of Article 42.12, Code of Criminal Procedure, to create district-wide probation services, the employment and designation of adult probation officers is not subject to the approval of the county commissioners court.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Sarah E. Phillips
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Bob Lattimore
Houghton Brownlee
James S. Swearingen
Bob Flowers

W. V. GEPPERT
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant